# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: A.P., C.N.P., C.R.P., and N.P.**

**No. 12-1435** (Grant County 12-JA-20, 21, 22, and 23)

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel Lauren M. Wilson, from the Circuit Court of Grant County, which terminated her parental rights by order entered on November 8, 2012. The guardian ad litem for the children, Meredith Haines, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee Niezgoda, also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2011, the family court granted the children's grandparents guardianship over them. This was primarily based on Petitioner Mother's abusive relationship with her then-boyfriend, K.D. As part of this guardianship, the family court allowed Petitioner Mother visitation with the children but ordered that she refrain from exposing them to K.D. However, Petitioner Mother instead married K.D. after the guardianship was granted and, in May of 2012, she brought K.D. to one of her visits with the children. In July of 2012, the DHHR filed its petition that initiated the abuse and neglect proceedings below. The petition alleged sexual abuse against two of the children, including a report by at least one of the children that K.D. had fondled her. The petition also discussed a history of dysfunction and violence between Petitioner Mother and K.D. The circuit court heard testimony from Petitioner Mother and other witnesses in October of 2012, and in November of 2012 it entered its order terminating Petitioner Mother's parental rights. Following this termination order, Petitioner Mother appeals.

Petitioner Mother argues that the circuit court erred in denying her an improvement period. She argues that, pursuant to West Virginia Code § 49-6-12, she met the burden of proving by clear and convincing evidence that she would comply with an improvement period. She argues that, for instance, she would comply with services and that she filed a petition for a domestic violence protective order against K.D. In response, the guardian ad litem and the DHHR argue that the circuit court committed no errors in this regard. They argue that despite the children's pleadings to their mother that they feared K.D., she maintained her relationship with him. They further argue that although Petitioner Mother expressed that she would comply with

1

an improvement period, she never made actual requests for such services with the DHHR and the actions she took toward separating herself from K.D. came at the eleventh hour.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Our review of the record indicates no error by the circuit court in not granting Petitioner Mother's motion for an improvement period. Our review of the dispositional hearing transcript, for instance, indicates that the children's psychologist testified that the children reported that they witnessed domestic violence between their mother and K.D. and that the children expressed their fear of K.D. to Petitioner Mother. Nevertheless, Petitioner Mother continued her relationship with him, and even married him after the children were placed in their grandparents' custody. Pursuant to West Virginia Code § 49-6-12, the parent bears the burden of proving by clear and convincing evidence that he or she will comply with terms of an improvement period. Consequently, the circuit court has the discretion to grant or deny a motion for an improvement period. The Court finds that the circuit court was presented with sufficient evidence upon which it found that an improvement period would be inappropriate, and accordingly, we find no error in the circuit court's denial of an improvement period to Petitioner Mother.

Petitioner Mother also argues that the circuit court erred in terminating her parental rights to the subject children. She argues that less restrictive alternatives to termination were available because the children were placed with their grandparents. In response, the guardian ad litem and the DHHR contend that the circuit court did not err in terminating Petitioner Mother's parental rights. Both highlight that Petitioner Mother essentially took no steps to remove K.D. from her children's lives, thereby harming their safety. They further raise that Petitioner Mother violated the first family court order that directed her not to expose K.D. to the children.

Upon our review, the Court finds no error in the circuit court's termination of Petitioner Mother's parental rights. Our review of the dispositional hearing transcript, for instance, reflects Petitioner Mother's testimony that any actions she took against K.D. were only a couple weeks prior to the dispositional hearing and after K.D. was incarcerated and no longer living with

Petitioner Mother. We find that the circuit court was presented with sufficient evidence upon which it based findings that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental rights to the subject children.

Affirmed.

**ISSUED:** May 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II